2/4/10 – ELECTRONIC ORDER ON <u>CARSON V. AMERICAN GENERAL LIFE INS. CO.</u>, 07 CV 1292 (PCD) – As the docket sheet on CM/ECF aptly demonstrates, the completion of discovery in this declaratory judgment action has been delayed, over and over again, for substantial periods of time.  The deadline for the completion of fact and expert discovery originally was set for July 8, 2008, and then was postponed until October 13, 2008, then to November 19, 2008, then to July 31, 2009, then to October 1, 2009, and then to November 6, 2009. (Dkts. ##19, 20-22, 23-24, 34, 40, 44-46).

On February 17, 2009, Senior U.S. District Judge Peter C. Dorsey referred this file to this Magistrate Judge to hold a settlement conference.  (Dkts. ##28, 30-31).  Lengthy settlement conferences were held on April 24, 2009 and on June 30, 2009.  (Dkts. ##32-35, 38-40).

Counsel admittedly had some logistical difficulties in coordinating the deposition of defendant's Rule 30(b)(6) witness, which deposition was held in Houston, Texas on August 7, 2009.  (<u>See</u> Dkt. #40, ¶ 1; Dkt. #45, ¶ 4).  The Memorandum of Telephonic Status Conference, filed September 24, 2009, provided: "By further agreement of counsel, to the extent that counsel are unable to resolve their differences regarding the August 7, 2009 deposition and the production of documents shortly before thereof, plaintiffs will file a Motion to Compel and brief in support (with supporting documentation, if any) **on or before October 9, 2009**, defendant will file its brief in opposition **on or before October 23, 2009**, and plaintiffs will file their reply brief, if any, **on or before October 27, 2009**." (Dkt. #45, ¶ 4)(emphasis in original).  On December 3, 2009, yet another telephonic status conference was held (Dkts. ##47-49), following which this Magistrate Judge issued an electronic order:

> As discussed during the telephone status conference held this morning, by 5:00 p.m. on 12/8/09, counsel will send a letter, by facsimile machine, to this Magistrate Judge's Chambers, with proposed deadlines for the completion of the remaining discovery in this case, completion of the Joint Trial Memorandum for Judge Dorsey, and resumption of settlement discussions (whether for this federal case only or globally with the two related state court actions).

(Dkt. #48).

On December 17, 2009, plaintiffs' counsel forwarded to this Magistrate Judge's Chambers, with a copy to defense counsel, a six-page letter, complaining of the inadequacy of defendant's production prior to the deposition, and the inappropriate selection of Mark Childs as defendant's Rule 30(b)(6) deponent, attaching the entire Childs deposition transcript with multiple exhibits.   In this letter, plaintiffs' counsel explains that he was unable to adhere to the October 9, 2009 deadline due to "unanticipated problems that arose in the first week of October in connection with counsel moving both his residence and law offices into a single building . . .[,]" coupled with preparing a "substantial" appellate brief due during the same period and a commitment to speak at a securities law seminar in California.  (12/17/09 Letter, at 5).  Plaintiffs' counsel further contends that he should be entitled to this two-month delay in light of the "extraordinary circumstances that interfered with [his] schedule at that

time[,]" "the past history of forgiving the defendant's failures to meet scheduling deadlines," the three depositions that took place after the most recent discovery cutoff, and the still open deadline for the deposition of defendant's expert witness.  (Id. at 5-6).

On January 22, 2010, defense counsel forwarded a two-page letter, with a copy to plaintiffs' counsel, describing plaintiffs' letter as "untimely," particularly when plaintiffs' counsel failed to "discuss[]" his need to extend the October 9, 2009 deadline with her at any time after the September 24, 2009 telephonic discovery conference and prior to the October 9, 2009 deadline, at the deposition of plaintiff's accountant Paul Fitzpatrick on October 21, 2009, during the deposition of plaintiff James Carson on October 29, 2009, at the deposition of plaintiffs' expert Vincent Micciche on November 12, 2009, and during a telephone conference between counsel on December 1, 2009, just two days prior to the December 3 telephonic status conference.  (1/22/10 Letter at 1-2).  While defense counsel "acknowledge[s] that over time the parties have jointly requested adjustments to the Scheduling Order to accommodate scheduling difficulties with witnesses[,]" she emphasizes that she "stressed the importance of resolving any perceived discovery dispute promptly[,]" and characterizes "a discovery motion coming at such a late date" as "unfairly prejudic[ial]" to defendant.  (Id. at 2).  Defense counsel further denies that "there is any merit to the complaints raised in [the] December 16, 2009 letter[,]" but that she is "happy" to respond if the Court so orders.  (Id. at 2, n.2).

The Magistrate Judge agrees with defendant that plaintiffs' letter, sent more than two months after the explicit October 9, 2009 deadline is woefully untimely, particularly when plaintiffs' counsel was directly ordered to confer first with defense counsel on this issue (as is required in all discovery disputes under Local Rule 37(a)2.) prior to October 9, 2009 and failed to do so, and further failed to apprise defense counsel of his need to extend this deadline at any time between September 24, 2009 and October 9, 2009, during the three depositions held on October 21 and 29, 2009, and on November 12, 2009, and during a telephone conference on December 1, 2009.  The 12/17/2009 letter pertains to a deposition held four months earlier.  While plaintiffs' counsel is correct that there has been a fair amount of "forgiv[eness]" of all deadlines in this case, both for plaintiffs and defendant, this lapse is simply too much, too late, when there is just one deposition left to wrapping up discovery here, and either settling this case (with or without the two related state court cases) or preparing for trial.

Moreover, having carefully reviewed plaintiffs' 12/17/09 letter, the 166-page deposition transcript, and sixteen attachments, the Magistrate Judge further agrees with defendant that there is no merit to plaintiffs' substantive arguments.

Therefore, as was ordered now two months ago, on December 3, 2009, counsel are to promptly contact this Magistrate Judge's Chambers to arrange a telephonic status conference to address "proposed deadlines for the completion of the [the last deposition], completion of the Joint Trial Memorandum for Judge Dorsey, and resumption of settlement discussions (whether for this federal case only or globally with the two related state court actions)."  **There shall be no further extensions, absent the most extenuating of circumstances**.